IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ali Jahad Al-Timimi Sabhan,<br><br>   Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>   Respondent. | CIV-10-2766-PHX-GMS (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

  Petitioner Ali Jahad Al-Timimi Sabhan (A071-700-184) has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 alleging that immigration officials are holding him in detention pending his removal from the United States. Petitioner argues that he is entitled to release from custody because his detention with no prospect that his removal will be effected in the reasonably foreseeable future is not authorized by law. See Zadvydas v. Davis, 533 U.S. 678 (2001) (when there is no reasonable likelihood that a foreign government will accept an alien's return in the reasonably foreseeable future, the INS may not detain the alien for more than the presumptively reasonable period of six months).

  On March 24, 2011, Respondent filed a Notice to the Court and Suggestion of Mootness (Doc. 14) indicating that Petitioner was released from custody and placed under an Order of Supervision on January 14, 2011. "[A] petitioner's release from detention under an order of supervision 'moots his challenge to the legality of his extended detention.'" Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)). Accordingly, on April 15, 2011, the Court ordered Petitioner to

1  show cause why his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241
2  should not be dismissed as moot in light of his release from custody. (Doc. 17.)  To date,
3  Petitioner has not responded or otherwise communicated with the Court, and the time for
4  filing a response to the Court's Order has expired.
5      It appearing that the relief requested in Petitioner's habeas petition has been granted,
6  and that the habeas petition is now moot and should, therefore, be dismissed, the Court will
7  recommend that Petitioner's Petition for a Writ of Habeas Corpus be dismissed.
8      **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for a Writ of
9  Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** as moot and without
10  prejudice.
11      This recommendation is not an order that is immediately appealable to the Ninth
12  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
13  Appellate Procedure, should not be filed until entry of the district court's judgment. The
14  parties shall have fourteen days from the date of service of a copy of this recommendation
15  within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1);
16  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen
17  days within which to file a response to the objections. Failure timely to file objections to the
18  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report
19  and Recommendation by the district court without further review. See United States v.
20  Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any
21  factual determinations of the Magistrate Judge will be considered a waiver of a party's right
22  to appellate review of the findings of fact in an order or judgment entered pursuant to the
23  Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.
24      DATED this 27th day of April, 2011.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge